IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DARREN LAVON SMILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:19cv99-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Petitioner Darren Lavon Smiley ("Smiley") is before the court on a *pro se* motion

under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.  Doc. # 1.

On November 16, 2005, a jury found Smiley guilty of possession of a firearm by a

convicted felon.  *See* Criminal Case No. 2:05cr44-MEF.  Sentence was imposed on March

30, 2007, with Smiley receiving a term of 360[1] months' imprisonment, to run concurrently

to any state court sentences pending against him.  Smiley appealed, and on January 16,

2008, the Eleventh Circuit affirmed his conviction and sentence.  *United States v. Smiley*,

263 F. App'x 765 (11th Cir. 2008).

On August 20, 2008, Smiley filed a *pro se* motion under 28 U.S.C. § 2255 challenging

his firearm conviction and 360-month sentence.  *See* Civil Action No. 2:08cv690-MEF,

---

[1] Smiley's sentence was based on his status as an Armed Career Criminal and an upward departure because
of the violent nature of the offense conduct, robbery and sodomy.

Doc. # 1. On September 30, 2008, this court entered a judgment denying that § 2255

motion and dismissing the action with prejudice. *Id.,* Doc. # 8; *see also id*., Docs. # 5 & 7.

In this § 2255 motion, which was filed on January 26, 2019, Smiley appears to

challenge the adequacy of the legal representation he received from counsel in his criminal

proceedings. *See* Doc. # 1 at 2–3. For the reasons that follow, the Magistrate Judge finds

that Smiley's § 2255 motion should be dismissed as a successive motion filed without the

required appellate court authorization.

## II.   DISCUSSION

As noted above, Smiley has previously filed a § 2255 motion challenging his 2005

firearm conviction and 360-month sentence. That § 2255 motion was docketed as Civil

Action No. 2:08cv690-MEF. On September 30, 2008, this court entered a final judgment

denying the § 2255 motion with prejudice.[2] Smiley's instant § 2255 motion is his second

such motion challenging his 2005 conviction and sentence.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to

file a second or successive § 2255 motion in the district court, the movant must first move

in the appropriate court of appeals for an order authorizing the district court to consider the

motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the

second or successive § 2255 motion contains "(1) newly discovered evidence that, if

proven and viewed in light of the evidence as a whole, would be sufficient to establish by

---

[2] *See* Civil Action No. 2:08cv690-MEF, Docs. # 7 & 8 (Order of District Judge Adopting Magistrate Judge's Recommendation [Doc. # 6] and Final Judgment of District Judge Dismissing Case with Prejudice).

clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

"The bar on second or successive motions is jurisdictional."  *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013).  A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from the appellate court to file a successive motion.  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

Smiley presents no evidence of his having obtained authorization from the Eleventh Circuit Court of Appeals to file a successive § 2255 motion.  Because Smiley has not obtained the required authorization from the appellate court, this court lacks jurisdiction to consider the merits of his present § 2255 motion and the motion is due to be dismissed for lack of jurisdiction.  *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Smiley's successive § 2255 motion (Doc. # 1) be summarily dismissed because Smiley has not received permission from the appellate court to file a second or successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 21, 2019.  A party must specifically identify the factual findings and legal

conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3 1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 7th day of February, 2019.

       /s/   Charles S. Coody
       CHARLES S. COODY
       UNITED STATES MAGISTRATE JUDGE